UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS UNION LOCAL NO. 1 ANNUITY AND 401(k) FUND; TRUSTEES OF THE ELEVATOR CONSTRUCTORS UNION LOCAL NO. 1 EDUCATION AND APPRENTICE TRAINING FUND,<br><br>Plaintiffs,<br><br>-against-<br><br>K.A.N. ELEVATOR INC., and NORTH AMERICAN ELEVATOR INC.,<br><br>Defendants. | No. 16 CV<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145; and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because: (1) the Defendants reside in this district, as both Defendants regularly performed work in Manhattan, New York and (2) a substantial part of the events underlying this action took place in

this district, as many of the projects on which contributions are owed were located in Manhattan, New York.

## THE PARTIES

4. Plaintiffs are employer and employee trustees of the Elevator Constructors Union Local No. 1 Annuity and 401(k) Fund and the Elevator Constructors Union Local No. 1 Education and Apprentice Training Fund (collectively, the "Funds"). The Funds are multiemployer labor-management trust funds organized and operated in accordance with 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Trustees are fiduciaries of the Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Funds are administered at 140 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

5. Defendant K.A.N. Elevator Inc. ("KAN") is a former New York based corporation with its principal place of business located at 609 West Elizabeth Avenue, Linden, New Jersey 07036.

6. Defendant North American Elevator Inc. ("North American") is a New York based corporation with its principal place of business located at 609 West Elizabeth Avenue, Linden, New Jersey 07036.

## FACTS

**KAN's Collective Bargaining Agreement**

7. At relevant times, KAN was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") between Local No. 1 International Union of Elevator Constructors (the "Union") and E.M.A.N.Y.

8. The CBA and the Funds' Trust Agreements incorporated by reference therein ("Trust Agreements"), require employers to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

9. The CBA further requires employers to report to the Funds the number of hours of Covered Work performed by each employee during the preceding month.

10. The Trust Agreements and Collection Policy adopted pursuant to the Trust Agreements require employers to submit to a payroll audit upon request by the Funds.

11. The Trust Agreements and Collection Policy provides further that, "Employers shall be liable to the Fund for the payment of delinquent Employer Contributions with interest at the rate of ten percent (10%) per annum and compounded annually. . . . Employers shall also be liable for liquidated damages of twenty percent (20%) of the amount of delinquent Employer Contributions owing and all attorneys' fees and costs in the event that the Funds commence legal proceedings. Employers shall be liable for audit costs [if the audit discloses an underpayment of contributions of at least five percent of the contributions remitted during the audit period]."

12. In breach of the CBA, the Trust Agreements, and the Collection Policy, KAN failed to remit contributions to the Funds for Covered Work it performed.

**Alter Ego And Successor Allegations**

13. At relevant times, North American was the alter ego and successor of KAN and both companies had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

14. North American and KAN both operated out of the same address: 609 West Elizabeth Avenue, Linden, New Jersey 07036.

15. At relevant times, North American and KAN shared disability and worker's compensation insurance policies.

16. North American and KAN shared common employees and officers. For example, Cynthia Noda, an employee of KAN, was also a financial officer and executive of North American. Kevin Heis, KAN's president, also routinely supervised work bid on and awarded to North American.

17. North American and KAN were both engaged in the business of elevator construction and repair work and they both performed Covered Work within the meaning of the CBA.

18. North American and KAN worked on the same projects, using the same equipment and many of the same employees, without any meaningful distinction in their operations. This included, for example, projects located at: (1) 520 West 30th Street, New York, New York; (2) 520 West 28th Street, New York, New York; (3) LaGuardia Airport, Queens, New York; and 131 Broome Street, New York, New York (collectively, the "Projects").

19. KAN failed to remit contributions for work its employees performed on the Projects and on other Covered Work it and North American performed.

20. KAN created or maintained North American to perpetrate a fraud against the Funds, including the avoidance of KAN's obligations to the Funds under the CBA.

21. As alter egos and successors of each other, KAN and North American are subject to the CBA's terms and each is liable for each other's unpaid contributions and obligations to the Funds.

**THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST KAN**
**(Liability for Delinquent Contributions/Violation of the CBA)**

22. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

24. Section 301 of the LMRA authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

25. At relevant times, KAN was a party to or otherwise bound by the CBA.

26. The CBA and the documents and instruments governing the Funds required KAN to make specified hourly contributions to the Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Funds.

27. KAN violated the CBA when it failed to remit contributions for all Covered Work it performed within the scope of the CBA.

28. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, and the Funds' Trust Agreements and Collection Policy, the Funds are entitled to an order: (1) directing KAN to submit to an audit of its books and records to determine the extent of its delinquent contributions; and (2) finding that KAN is liable for any delinquent contributions and associated liquidated damages, interest, fees, and costs, revealed by this audit or otherwise found to be due and owing during the course of this litigation.

**THE FUNDS' SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
(**Alter Ego Liability/Liability for Delinquent Contributions/Violation of the CBA**)

29. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

31. Section 301 of the LMRA authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

32. At relevant times, KAN was a party to or otherwise bound by the CBA.

33. The CBA and the documents and instruments governing the Funds required KAN to make specified hourly contributions to the Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Funds.

34. At relevant times, KAN and North American were alter egos and successors of each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

35. By virtue of their status as alter egos and successors, KAN and North American are and at all relevant times have been bound by the CBA and they are jointly and severally liable for each other's obligations thereunder.

36. KAN and North American violated the CBA when they failed to remit all contributions for Covered Work performed within the meaning of KAN's CBAs.

37. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, and the Funds' Trust Agreements and Collection

Policy, the Funds are entitled to an order: (1) finding that North American is the alter ego and successor of KAN; (2) directing North American to submit to an audit of its books and records to determine the extent of its delinquent contributions; and (3) finding that North American and KAN are jointly and severally liable for any delinquent contributions and associated liquidated damages, interest, fees, and costs, revealed by this audit or otherwise found to be due and owing during the course of this litigation.

**WHEREFORE,** the Funds respectfully request that this Court:

(1)   On the Funds' First Claim for Relief: (1) directing KAN to submit to an audit of its books and records to determine the extent of its delinquent contributions; and (2) finding that KAN is liable for any delinquent contributions and associated liquidated damages, interest, fees, and costs, revealed by this audit or otherwise found to be due and owing during the course of this litigation;

(2)   On the Funds' Second Claim for Relief: (1) finding that North American is the alter ego and successor of KAN; (2) directing North American to submit to an audit of its books and records to determine the extent of its delinquent contributions; and (3) finding that North American and KAN are jointly and severally liable for any delinquent contributions and associated liquidated damages, interest, fees, and costs, revealed by this audit or otherwise found to be due and owing during the course of this litigation; and

(3)   Awarding the Funds such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        September 22, 2016

                                        Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: /s/ _____
Todd Dickerson
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys for Plaintiffs*

-8-